CHIEF JUSTICE RABNER, dissenting.
A straightforward question lies at the center of this appeal: to prove the crime of endangering the welfare of a child, set forth at N.J.S.A. 2C:24-4, must the State present evidence of actual harm to a child, or is it enough to show a substantial risk of harm?
To answer the question, the starting point is the language of the statute. State v. Twiggs, 233 N.J. 513, 531-32, 187 A.3d 123 (2018) ; DiProspero v. Penn, 183 N.J. 477, 493, 874 A.2d 1039 (2005). The endangering law reads as follows:
Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who causes the child harm that would make the child an abused or neglected child as defined in [N.J.S.A.] 9:6-1, [N.J.S.A.] 9:6-3 and ... [ N.J.S.A. 9:6-8.21 ] is guilty of a crime of the second degree. Any *974 other person who engages in conduct or who causes harm as described in this paragraph to a child is guilty of a crime of the third degree.
[ N.J.S.A. 2C:24-4(a)(2) (emphasis added).]
The State presents a strong argument that the phrase "causes the child harm" cannot be read separately from the words that follow: "that would make the child an abused or neglected child as defined in" three specific laws. Read that way, "harm" incorporates various kinds of behavior listed in the cross-referenced statutes. Because those statutes encompass both actual harm and substantial risk of harm, see N.J.S.A. 9:6-8.21(c), the word "harm" in the endangering law does as well.
**606 Defendant sensibly emphasizes that "harm" means "harm" -- not "risk" of harm. And the words of the endangering statute make it a crime for a person to "cause[ ] [a] child harm." N.J.S.A. 2C:24-4(a)(2).
The legislative history cited by my colleagues does not appear to resolve the debate. See ante at 601-03, 192 A.3d 971-72 (Albin, J., dissenting). And this Court has not addressed the issue before today. But see State v. N.A., 355 N.J. Super. 143, 150-51, 809 A.2d 825 (App. Div. 2002) (observing in dicta that statute encompasses substantial risk of harm); State v. M.L., 253 N.J. Super. 13, 31, 600 A.2d 1211 (App. Div. 1991) (same).
Faced with alternative reasonable interpretations of a criminal statute, the rule of lenity applies. That doctrine calls on courts "to construe penal statutes strictly and interpret ambiguous language in favor of a criminal defendant." State v. Livingston, 172 N.J. 209, 218, 797 A.2d 153 (2002) ; see also State v. Sumulikoski, 221 N.J. 93, 110-11, 110 A.3d 856 (2015) ; State v. D.A., 191 N.J. 158, 164, 923 A.2d 217 (2007). Here, because it is not clear whether the Legislature intended a narrow definition of actual harm or a broader meaning that includes substantial risk of harm, lenity requires a narrow reading of the law as drafted. See Livingston, 172 N.J. at 218, 797 A.2d 153. Going forward, the Legislature, of course, could amend and clarify the statute if it wished to.
In this case, the trial court noted "the absence of any direct evidence of actual harm to the children." Because defendant's conviction for second-degree endangering rests on risk of harm to children and is based on the more expansive reading of the statute, the conviction should not stand.
I respectfully dissent because I believe the meaning of the endangering law is ambiguous and should therefore be read narrowly.